NOT FOR PUBLICATION

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **JOSE MANUEL ALMONTE,**<br><br>Petitioner,<br><br>v.<br><br>**UNITED STATES OF AMERICA,**<br><br>Respondent. | (Civ. No. 14-00854) (WJM)<br>(Crim. No. 11-00158) (WJM)<br><br>Hon. William J. Martini<br><br>**OPINION** |

This matter comes before the Court on *pro se* Petitioner Jose Manual Almonte's motion for post-conviction relief pursuant to 28 U.S.C. § 2255. There was no oral argument. For the reasons stated below, the motion is **DISMISSED WITH PREJUDICE** and the relief requested therein is **DENIED**.

## I.  BACKGROUND

On March 14, 2011, the Government filed an indictment against Almonte charging him with two criminal counts: (1) conspiring to manufacture and distribute 100 grams of heroin; and (2) possessing with intent to distribute 100 grams or more of heroin.

The Government brought its case against Almonte after the Drug Enforcement Administration ("DEA") determined that Almonte and his co-conspirators[1] were processing and packaging heroin for sale in an apartment in Union City, New Jersey. Specifically, the DEA conducted a search of the apartment and discovered physical evidence demonstrating that Almonte and others were operating a heroin business. Almonte's co-defendants also informed government authorities that Almonte and others used the apartment as a stash house.

---

[1] Almonte's co-defendants, Ramon E. Delorbe ("Delorbe") and Joselin Reynoso Inoa each pled guilty to charges arising from their involvement in this case.

1

On April 29, 2011, Almonte filed a motion to suppress the evidence found at the Union City Apartment. This Court denied Almonte's motion. Almonte then proceeded to trial, where he was found guilty on both counts and sentenced to a 60-month term of imprisonment and three years of supervised release.

Almonte appealed, arguing that (1) the evidence against him was insufficient to prove the existence of a conspiracy; and (2) this Court abused its discretion when it denied Almonte's motion to suppress. On September 24, 2013, the Third Circuit affirmed the jury's convictions of Almonte, finding that there was sufficient evidence to warrant the finding of a conspiracy. The Third Circuit also concluded that this Court did not err in denying the motion to suppress. *See United States v. Almonte*, 537 Fed. App'x 64 (3d Cir. 2013). Proceeding *pro se*, Almonte now files the instant motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.

## II. DISCUSSION

### A. Standard of Review Under § 2255

Under 28 U.S.C. § 2255, a federal court may vacate, set aside or correct a sentence "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). Section 2255, however, may not be used "to re-litigate questions which were raised and considered on direct appeal." *United States v. DeRewal*, 10 F.3d 100, 105 n. 4 (3d Cir. 1993) (quoting *Barton v. United States*, 791 F.2d 265, 267 (2d Cir. 1986)). Additionally, "issues which should have been raised on direct appeal may not be raised with a § 2255 motion." *United States v. Travillion*, 759 F.3d 281, 288 n.11 (3d Cir. 2014). While a court may convene a hearing to assist it with deciding a § 2255 motion, such a hearing is not required where "the files and records of the case conclusively show that the prisoner is entitled to no relief." *United States v. Padilla–Castro*, 426 Fed.App'x. 60, 63 (3d Cir. 2011) (quoting 28 U.S.C. § 2255(b)); *accord United States v. Day,* 969 F.2d 39, 41–42 (3d Cir. 1992).

Almonte's § 2255 motion primarily relies on the argument that his counsel was ineffective. He further contends that the Government did not present sufficient evidence to warrant a conviction and that the Court erred in denying his suppression motion. The Court will address these arguments in turn.

2

### B. Ineffective Assistance of Counsel

Almonte argues that his motion should be granted because he received ineffective assistance of counsel at trial in violation of the Sixth Amendment. The Sixth Amendment guarantees the accused the "right ... to have the Assistance of Counsel for his defense." U.S. Const. amend. VI. The Supreme Court has held that the "[Sixth Amendment] right to assistance of counsel is the right to effective assistance of counsel." *McMann v. Richardson*, 397 U.S. 759, 771 n. 14 (1970). In *Strickland v. Washington*, 466 U.S. 668, 687 (1984), the Supreme Court set forth a two-part test to establish ineffective assistance of counsel. First, the defendant must show "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed to the defendant by the Sixth Amendment. *Id.* Second, the defendant must show that counsel's performance prejudiced the defense, depriving the defendant of a fair trial. *Id.* To establish prejudice, the defendant must show that "there is a reasonable probability that the result of the trial would have been different absent the deficient act or omission." *Hinton v. Alabama*, 134 S.Ct. 1081, 1083 (2014). The defendant claiming ineffective assistance of counsel must satisfy both prongs of *Strickland's* two-part test in order to be entitled to relief. *George v. Sively*, 254 F.3d 438, 443 (3d Cir. 2001). Almonte contends in his petition that his defense counsel provided ineffective assistance by: 1) failing to make a Rule 29 motion for a judgment of acquittal; 2) failing to raise an alleged conversation that occurred between Almonte's co-conspirator and a third party; and 3) preventing Almonte from testifying at trial. For the reasons stated below, all of these arguments fail.

### i. Failure to Make a Rule 29 Motion

Almonte argues that his trial counsel was ineffective because trial counsel failed to move for a judgment of acquittal under Rule 29 of the Federal Rules of Criminal Procedure. This argument holds no weight because the trial transcripts unequivocally show that Almonte's trial counsel did move for an acquittal and that the motion was denied.

> **MR. GIANNETTA:** Judge, at this time I move for a judgment of acquittal.
>
> **THE COURT:** All right. Clearly there's enough evidence, if the jury believes it, that that motion is not warranted. So you've made the motion but the Court will deny it. And if they believe the witnesses, there's more than enough evidence to establish that the Defendant is guilty of these crimes

3

Trial Transcript ("Tr."), September 8, 2011 at 38:8-15. Moreover, the above-quoted portion of the transcript reveals that the Court determined that Almonte was not entitled to a judgment of acquittal. This is significant because a failure to move for a judgment of acquittal will not meet *Strickland's* prejudice prong if the court makes clear that it would not have granted the motion anyway. *Gov't of V.I. v. Joseph*, 465 Fed.App'x. 138, 142 (3d Cir. 2012). Thus, this portion of Almonte's ineffective assistance of counsel claim fails.

### ii. Failure to Raise Communication Between Delorbe and Garcia

Almonte next argues that his trial counsel should have raised in his suppression motion or at trial a communication between Delorbe and an individual named Jose Garcia.[2] *See* ECF No. 10. Specifically, Almonte claims that during a phone call, "Mr. Delorbe told Garcia that he and the Defendant Jose Almonte had obtained an apartment in Union City, New Jersey to use it as a 'stash house,' for the purpose of storing future loads of cocaine and processing heroin." *Id*. at 1. Almonte claims that his counsel was ineffective for failing to present this conversation as part of Almonte's defense.

This argument fails. First, Almonte has made no showing that trial counsel seriously erred by not addressing this conversation, which this Court deems to be a strategic decision. Under *Strickland*, counsel's strategic choices are reviewed with a strong presumption of correctness. *U.S. v. Martin*, 262 Fed. Appx. 392, 397 (3d Cir. 2008). The Third Circuit has developed a tiered structure with respect to this presumption. First, the presumption is that counsel's conduct was part of a sound strategy. In cases like this one, where the record does not explicitly disclose trial counsel's actual strategy or lack thereof, the presumption can only be rebutted through a showing that no sound strategy could have supported the conduct. *Thomas v. Varner*, 428 F.3d 491, 499-500 (3d Cir. 2005).

In this case, Almonte cannot rebut the presumption that his counsel's conduct was part of a sound strategy. From the perspective of Almonte's lawyer, a sound trial strategy would support a decision not to introduce a conversation that would only serve to further implicate Almonte in unlawful drug activity. *See Mena-Flores v. Holder*, 2015 WL 294629, at *14 (10th Cir. Jan. 23, 2015) (trial counsel can make a strategic decision not to introduce evidence if there is potentially damaging information therein). Therefore, Almonte has failed to satisfy the first *Strickland* prong.

---

[2] Almonte has not shown how his trial counsel's failure to raise the communication affected the outcome of the suppression motion.

4

Even if Amonte could show that his counsel seriously erred, Almonte's *Strickland* claim fails on the prejudice prong. To satisfy the prejudice prong, Almonte must show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Outten v. Kearney*, 464 F.3d 401, 414 (3d Cir. 2006). The Court's review of the record shows that Almonte was not prejudiced by his counsel's failure to raise the conversation between Delorbe and Garcia. The conversation was in no way helpful to Almonte's defense. Further, Almonte faced a mountain of incriminating evidence that could not be explained away by a single phone call. For example, the Government presented a plethora of evidence corroborating Delorbe's testimony that he and Almonte were business associates in an illicit drug scheme. Moreover, the Government recovered the following evidence from an apartment with the utilities registered in Almonte's name: heroin; grinders; a sifter; money hidden in furniture; and additional drug paraphernalia. Almonte's claim that his counsel was ineffective for failing to raise the conversation is therefore without merit.

### iii. Preventing Almonte From Testifying

Finally, Almonte contends that his trial counsel did not allow him to testify at trial and that his defense would be stronger had he taken the stand. "Defense counsel has a duty to inform defendant of [the right to testify] but a defendant may nevertheless waive it so long as the decision is 'knowing and intelligent.'" *Luperella v. United States*, No. 06–1360, 2007 WL 2904201, at *3 (D.N.J. Oct.3, 2007) (quoting *United States v. Pennycooke*, 65 F.3d 9, 11 (3d Cir. 1995)). Additionally, counsel's conduct in advising that a Defendant not testify at trial is a tactical decision that does not fall below *Strickland's* standard objective of reasonableness. *D'Amario v. United States*, 403 F. Supp. 2d 361, 371 (D.N.J. 2005) (*citing Frederick v. Kyler*, 100 Fed.Appx. 872, 874 (3d Cir. 2004)). Here, the record demonstrates that Almonte knew of his right to testify, but on advice of his counsel, chose not to exercise it. The record further reveals that this choice was voluntary.

> **THE COURT:** Mr. Almonte, I'm sure you've discussed with your lawyer whether or not you wish to be a witness in your own defense here in this trial. Is that correct?
> **THE DEFENDANT:** (In English) Correct.
> **THE DEFENDANT:** (Through the Interpreter.) Correct.
> **THE COURT:** You've had ample time to discuss with your lawyer whether or not to testify in your own behalf?
> **THE DEFENDANT:** (In English) Correct.
> **THE DEFENDANT:** (Through the Interpreter.) Correct.
> **THE COURT:** You understand under the law you have no

5

>obligation whatsoever to take the stand and to present any defense whatsoever? Under the law you have a right to remain silent. You understand that?
>**THE DEFENDANT:** (Through the Interpreter.) Yes, sir.
>**THE COURT:** You also have a right if you wish to testify. Do you understand that? Correct?
>**THE DEFENDANT:** (Through the Interpreter.) Yes, sir.
>**THE COURT:** Your lawyer explained to me just now that you've made the decision that you do not want to testify at this trial. Is that correct?
>**THE DEFENDANT:** (Through the Interpreter.) Yes, sir.
>**THE COURT:** And you've discussed this thoroughly with your lawyer?
>**THE DEFENDANT:** (Through the Interpreter.) Correct.
>**THE COURT:** And are you making this decision voluntarily without anybody forcing you to do it?
>**THE DEFENDANT:** (Through the Interpreter.) Yes, sir.

(Tr., September 8, 2011 at 34:23–35:25). Because Almonte voluntarily chose not to testify after discussing the topic thoroughly with counsel, his ineffective assistance of counsel claim must fail.

### C. Other Arguments

Almonte's petition contains two additional arguments.

First, Almonte argues that the physical evidence seized from his apartment should have been suppressed because he never consented to having the apartment searched. However, the Third Circuit has already affirmed this Court's ruling on Almonte's suppression motion. *U.S. v. Almonte*, 537 Fed.Appx. 64, 67 (3d Cir. 2013). "Issues resolved in a prior appeal will not be reviewed by way of a 28 U.S.C. § 2255 motion." *U.S. v. DeRawal*, 10 F. 3d 100, 105 n.4 (3d Cir. 1993) (quoting *Barton v. United States*, 791 F.2d 265, 267 (2d Cir. 1986)). Thus, Almonte is foreclosed from using § 2255 to relitigate his suppression argument.

Second, Almonte claims that the Government's evidence was insufficient to warrant a conviction because it consisted solely of testimony from cooperating witness Ramon Delorbe.[3] The Government argues that Almonte is foreclosed from

---

[3] Almonte has attempted to shoehorn this argument into an ineffective assistance of counsel claim even though it has no bearing on counsel's performance; in reality, his argument solely concerns the strength of the Government's case. The Court will therefore analyze this part of his motion as a challenge to the sufficiency of the evidence.

making this argument because the Third Circuit already rejected it on appeal. However, the Government is only half-right on this front: in its opinion affirming Almonte's convictions, the Third Circuit explicitly noted that it assessed only the sufficiency of the evidence on the conspiracy count because Almonte did not raise any arguments regarding the possession with intent to distribute count. *Almonte*, 537 Fed.Appx. at 67 n.2. Notwithstanding the Government's oversight, "issues which should have been raised on direct appeal may not be raised with a § 2255 motion." *Travillion*, 759 F.3d at 288 n.11. Here, Almonte may not put forward his sufficiency of the evidence argument in a § 2255 motion because he has not shown good "cause" for failing to raise it on direct appeal. *See U.S. v. DeRewal*, 10 F.3d 100, 105 n. 4 (3d Cir. 1993).[4]

### D. Certificate of Appealability

No certificate of appealability will issue because Almonte has not made a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c)(1)(B).[5]

### III. CONCLUSION

For the reasons stated above, Almonte's petition to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 is **DENIED**. An appropriate order follows.

/s/ William J. Martini
**WILLIAM J. MARTINI, U.S.D.J.**

**Date: March 23, 2015**

---

[4] Even if Almonte were not procedurally barred from making his argument, there was sufficient evidence to convict him of possession with intent to distribute. *See* Section II.B.ii, *supra*.

[5] Additionally, a hearing is not required in this case because "the files and records of the case conclusively show that the prisoner is entitled to no relief." *United States v. Padilla–Castro*, 426 Fed.App'x. 60, 63 (3d Cir. 2011) (quoting 28 U.S.C. § 2255(b))